UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------

HERACLIO SANTIAGO,

                    Plaintiff,

        -against-

D.O.C.C.S, *et al.*,

                    Defendants.

20-CV-4530 (KMK)

ORDER OF SERVICE

KENNETH M. KARAS, United States District Judge:

    Plaintiff Heralio Santiago ("Plaintiff"), currently incarcerated at Fishkill Correctional Facility, brings this pro se Action under 42 U.S.C. § 1983, alleging that Defendants DOCCS, Superintendent Leory Fields, and Bureau Chief Derek Jones violated his constitutional rights. (*See generally* Compl. (Dkt. No. 2).) By order dated July 27, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, in forma pauperis. (*See* Dkt. No. 4.)

## I. Standard of Review

    The Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (discussing a court's authority to screen and dismiss claims of prisoners proceeding in forma pauperis). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (quotation marks and citations omitted) (emphasis in original).

II. Discussion

A. Replacement of Defendant DOCCS

Plaintiff names DOCCS, a state agency, as a Defendant in his Complaint. However, state agencies, including DOCCS, and state officials acting in their official capacities are generally not "persons" subject to suit under § 1983. *See Rush v. Fischer*, 923 F. Supp. 2d 545, 548 (S.D.N.Y. 2013) (explaining that state agencies are not subject to suit under § 1983); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (explaining that state officials sued in their official capacities cannot be sued under § 1983). Nevertheless, "a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" *Will*, 491 U.S. at 71 n.10 (quoting *Kentucky v. Graham*, 473 U.S., at 167, n.14). Accordingly, in light of Plaintiff's pro se status and clear intention to seek injunctive relief from the Acting Commissioner of DOCCS, Anthony Annucci, the Court construes the complaint as asserting claims against Annucci, and directs the Clerk of Court to amend the caption of this Action to replace DOCCS with Acting Commissioner Anthony Annucci. *See* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party."). This amendment is without prejudice to any defenses Annucci may wish to assert. The Court simultaneously dismisses DOCCS from the Action.

B. Order of Service

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to

serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Anthony Annucci, Leroy Fields, and Derek Jones through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

### III. Conclusion

The Clerk of Court is directed to mail a copy of this Order to Plaintiff, together with an information package.

The Court dismisses DOCCS from the Action, and directs the Clerk of Court to amend the caption so as to replace DOCCS with DOCCS Acting Commissioner Anthony Annucci.

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for Annucci, Fields, and Jones and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: August 5, 2020
        White Plains, New York

                                               KENNETH M. KARAS
                                               United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. Anthony Annucci, Acting Commissioner of DOCCS
   Building 2, State Campus
   Albany, New York 12226-2050

2. Leroy Fields, First Deputy Superintendent
   Fishkill Correctional Facility
   18 Strack Drive
   Beacon, NY 12508

3. Bronx IV Area Office
   Bureau Chief Jones
   14 Bruckner Boulevard
   Bronx, NY 10454